UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

No. 18-12875

v.

District Judge Denise Page Hood
Magistrate Judge R. Steven Whalen

JOHN DOE, subscriber assigned
IP Address 99.54.89.243,

Defendant.
_____/

**OPINION AND ORDER**

This is a copyright infringement case. Plaintiff Strike 3 Holdings, LLC ("Malibu") owns copyrights to various films, including 46 specific copyrighted works that are the subject of this lawsuit. *See Complaint* [Doc. #1], Exhibit A. Before the Court is Plaintiff's motion for leave to serve a third party subpoena on Internet Service Provider AT&T U-verse prior to a Rule 26(f) conference [Doc. #4]. For the reasons discussed below, the motion is GRANTED.

Plaintiff does not know the name of the John Doe Defendant, but states that it has identified the Defendant by a unique Internet Protocol ("IP") address that was involved in the alleged infringement (i.e., downloading a movie without paying) while participating in a "BitTorrent swarm."

Plaintiff has proffered as Exhibit 1 the Declaration of Susan B. Stalzer, who states that she has verified that each infringing file alleged in the complaint is identical, strikingly similar, or substantially similar to a motion picture in which Plaintiff owns a copyright. Plaintiff has also proffered as Exhibit 3 the declaration of Tobias Feiser of IPP, Limited ("IPP"), a company that provides forensic investigation services to copyright

owners. Mr. Feiser states that as part of his investigation, he found that the IP address associated with the John Doe Defendant (99.54.89.243) distributed multiple copies of the copyrighted works set forth in the complaint.

F. R. Civ. P. 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule)(1)(B), or when authorized by these rules, by stipulation, *or by court order"* (emphasis added). Malibu is correct that a district court has the discretion to permit the early issuance of a Rule 45 subpoena prior to a Rule 26(f) conference. This issue arises not infrequently in copyright infringement cases where the identity of the alleged infringer is not known. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2nd Cir. 2012). The standard for granting a motion for this type of subpoena is good cause. *Id*. The factors that a court considers are (1) a prima facie showing of copyright infringement, (2) a specific discovery request, (3) an absence of alternative means to obtained the subpoenaed information, (4) plaintiff's central need for the subpoenaed information, and (5) the defendant's minimal expectation of privacy. *Id*.

Having reviewed the complaint, Plaintiff's motion, and all accompanying exhibits, I am satisfied that under these standards, there is good cause to issue the Rule 45 subpoena prior to the Rule 26(a) conference, in that there is no other reasonable alternative to discovering the Defendant's true identity.

Accordingly, Plaintiff's motion for leave to serve third party subpoena [Doc. #4] is GRANTED, as follows:

1. Plaintiff Strike 3 Holdings, LLC may serve a Rule 45 subpoena on Internet Service AT&T U-verse, in order to identify the actual name and contact information for John Doe, who is associated with IP address 99.54.89.243. The subpoena will be limited

to following information about John Doe: name, address, telephone number, and email address. A copy of this Opinion and Order shall be attached to any such subpoena.

2. AT&T U-verse shall in turn serve a copy of the subpoena and a copy of this order on the subscriber, defendant John Doe, within 30 days from the date of service of the subpoena on the ISP. The ISP may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

3. Nothing in this order precludes the ISP or Defendant John Doe from challenging the subpoena consistent with the Federal Rules of Civil Procedure and this Court's Local Rules. However, any such challenge, such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than 30 days from the date of service of the subpoena on the ISP.

4. If the ISP or the subscriber files a motion to quash or a motion for a protective order, the ISP shall preserve the information sought by the subpoena pending resolution of such a motion.[1]

5. Any information disclosed to Plaintiff by the ISP may only be used by Plaintiff for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101 et seq.

---

[1] Plaintiff states that it does not object to a protective order that would allow the Defendant to proceed anonymously. The Defendant may, if he or she wishes, file a motion to do so after having been served.

IT IS SO ORDERED.

                                       s/R. Steven Whalen
                                       R. STEVEN WHALEN
                                       UNITED STATES MAGISTRATE JUDGE

Date: November 6, 2018

**CERTIFICATE OF SERVICE**

     I hereby certify on November 6, 2018, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on November 6, 2018.

                                         s/Carolyn Ciesla
                                         Case Manager